Judge Marshall
delivered the Opinion of the Court.
In 1829, Funk and Leaehman entered into a written contract, by which they agreed to form a partnership in the business of cultivating a garden and Vending its products. The partnership was to commence on the first day of January, 1830, and continue for three years. The ground to be cultivated was the property of Funk; and the articles of association specified the contributions to be made on each side.
The business was commenced and conducted according to the contract, until April in the second year, when the partners quarrelled, and Funk claiming the right to dissolve the association, demanded from Leaehman the surrender of the garden, and upon his refusal, withdrew himself from all co-operation in the affairs of the firm. Leaehman continued to prosecute the business supplying, at his own expense, or at that, of the fiym; such ad *25 ditional labor as was rendered necessary by the withdrawal of Funk; who, in July following, filed this bill for a dissolution of the partnership and an account and settlement of its concerns. The bill states th,é terms and exhibits the contract of association. In April of the third year, Leachman filed his answer, contesting 'the grounds of dissolution set up in the bill, but not eon-testing the prayer for an account; on the contrary, he prays that the business of the firm máy be closed by decree, and. sets up various charges against Funk, necessarily incurred as he alleges-on account of Funk’s withdrawal; and which h.e prays ma^ be decreed against him.
The hiere fact-, that a bill wa? prematurely filecj idpes ppt author? ize its dismis? sion, when it appears, at the hearing, úpoq, the pleadings If proof, that the epmpl’t is then entitled to relief. —Thp’ at .anytime while thq want of ground? continue, the bill may bo dismissed,
The depositions in the case leave the matters of account between the parties in a state of uncertainty as fo amount. But there is little doubt that Funk was entitled to something, as the dividends, during the time that the business was carried on harmoniously, seem to have been considerable; and that the defendant, though called on, does not answer explicitly as to the proceeds of the garden afterwards.
The bill remained in Court until November, 1834-5 nearly two veárs after the partnership had expired by .its own limitation—and was then dismissed.
The decree is in our opinion erroneous. An 'account should have been directed between the parties, and a decree rendered according to its result. The complainant, it is true, made out no sufficient ground ill his bilj. either for dissolving the partnership beforé th% expiration of the term, or for demanding an account when the bill was filed, nor did he file any supplemental bill, staking the fact that the partnership had expired during the ¡pendency of the suit, as he might and perhaps ought in strictness to have done. And it may have been on these grounds, .or some .of them, that the bill was dismissed.
But from th.e moment that the partnership was at an. end, whether by its own limitation or otherwise, Funk, was entitled to an account and settlement of its concerns under the order of the Chancellor, A Court of equity
Where one partner before a dissolution has with drawn from aetjveagency in the business, which is continued by the other, it is the duty of the latter to keep an account of all the transactions o'f the firm: and he may be examined, on oath, as to the receipts, dues, expenses, and business gen orally.
*26 does not hold the complainant to the facts and allega¡lions and prayer with which he commences his suit.
The mere fact that a bill has been prematurely filed, does not authorize its dismissal at the hearing, if it then appear, from the pleadings and evidence, that the complainant is entitled to any relief which will be con sistent with his prayer» So long as there is no ground of reliefj the bill upon proper objection by the defendant, may be dismissed, and this hazard together with the discretion which the court has in admitting amended and suplemental bills to be filed, is a sufficient check upon the practice—which is not to be encouraged—of filing bills before the party has any right to final or provisional relief.
In this case, the prayer for an account was premature when the bill was filed, but it became proper in a short time afterwards, and by mere lapse of time. The complainant had shown, in his original bill, that on a particular day the partnership would expire, if not sooner dissolved by the court or the parties. The defendant, in his answer, had not opposed but seconded the prayer for an account, audit was apparent, from the relations and mutual demands of "the parties, that the interposition of the Chancellor was necessary to produce a fair and final settlement. Under such circumstances, we do not consider that any additional statement by amended or supplemental bill, was necessary after the termination of the three years, in order to put the Court in complete possession of the fact that the partnership was at an end. And moreover we consider that the prayer of the defendant, that the business of the firm might be closed by decree, was sufficient to remove any. doubt as to the propriety of directing an account, if any existed independently of that prayer.
As Leachman conducted the business of the firm without the co-operation of his partner, it was his duty to keep an account of all transactions relating to it. If such an account was kept, the complainant will be entitled to the benefit of it. He will also be entitled to have the defendant examined on oath, as to all receipts, dues, charges and expenses relating to the partnership affairs,, *27 and all other things pertaining to the management thereof. And in the account to be taken between each partner and the firm, each should be charged with any failure which may have occurred on his part in the contributions he was bound to make by the agreement, and also with all receipts from the partnership property, or its proceeds. And each should be credited by all advances and contributions beyond his share, which were properly made within the scope of the association, and for the due conduct and management of its business. The profits appearing upon such a statement of the accounts, should be equally divided. And as it appears from the pleadings and evidence, that the parties had made periodical and satisfactory divisions of the pro-ceeds of the garden until about the first of April, 1831; the account should commence on that day.
Directions for taking an account between partners, under the circumstances of the case, and for a settlement by decrea
The decree is reversed, and the cause remanded for further proceedings in cqnformity with this opinion.